IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Travis Allaband<br>178 Tobacco Road<br>Camden, DE  19934<br><br>PLAINTIFF,<br><br>VS.<br><br>Norfolk Southern Railway Company<br>650 W. Peachtree St. NE<br>Atlanta, GA 30308<br><br>DEFENDANT, | Civil Action No.<br><br><br>COMPLAINT WITH<br>JURY DEMAND<br>ENDORSED HEREON |

## COMPLAINT

1. The Plaintiff herein is Travis Allaband ("Plaintiff" or "Allaband"), a citizen and resident of Delaware, residing therein at 178 Tobacco Road, Camden, DE 19934.

2. Defendant, Norfolk Southern Railway Company, ("Defendant" or "NS") is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Virginia, with its principal place of business in Atlanta, GA. At all times herein, NS does business in the State of Pennsylvania and regularly does business in the state of Pennsylvania, and in Philadelphia County.

3. The action arises under the Act of Congress 45 U.S.C. §51, *et seq.*, known and cited as "The Federal Employers' Liability Act," and under "The Federal Safety Appliance Act," 49 U.S.C. §20301, *et seq.*, and under "The Federal Locomotive Inspection Act", 49 U.S.C. §20701, *et seq.*, inclusive. By violating the Locomotive Inspection Act, and rules and regulations promulgated thereunder, this was a cause, in whole or in part, and therefore, the Defendant is strictly liable.

4. This Court has jurisdiction over this matter pursuant to 49 USC § 56, *et seq*.

5. At all times herein and for a long time prior thereto, Defendant, as a common carrier, operated freight trains, in commerce, between the different states of the United States and its territories.

6. At all times herein, the acts of omission and commission causing the injuries to the Plaintiff, were done by the Defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the Defendant.

7. At all times herein, the Plaintiff and the Defendant were engaged in interstate commerce between the different states of the United States and its territories.

8. At all times herein Plaintiff was employed by Defendant, NS and was acting in the course and scope of his duties in furtherance of the Defendant's business in interstate commerce.

9. All of the property, equipment and operations involved in the incident that is the subject matter of this lawsuit, herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

10. The incident and injuries herein referred to were caused, in whole or in part by the negligence of the Defendant, its agents, servants and/or employees.

11. On or about October 27, 2020, while Plaintiff was working as a Class 1 Machine Operator in Montgomery County, Pennsylvania, the Defendant NS failed to provide the Plaintiff with a reasonably safe place to work in violation of the Federal Employers' Liability Act. While Allaband was operating machinery, Defendant NS negligently allowed machinery to collide with Allaband's machinery, which was not proper or reasonably safe.  As a result of Defendant's negligence and violation of the Federal Employers' Liability Act, the impact sent Allaband into a stone wall and he experienced a brief moment of loss of consciousness, sustaining injuries to his

left shoulder, lower back, hip, right knee and elbow, and right ring finger.

12. On or about October 27, 2020, Plaintiff was caused to suffer injuries and damages and said injuries and damages resulted, in whole or in part, from the negligent acts and/or omissions of Defendant NS including but not limited to the following:

a. Defendant failed to provide Plaintiff with a reasonably safe place to work;

b. Defendant failed to provide reasonably safe conditions for Plaintiff to work in;

c. Defendant failed to provide reasonably safe tool(s) and/or equipment for Plaintiff to work with;

d. Defendant failed to properly inspect and maintain the equipment Plaintiff was assigned to work with;

e. Defendant failed to warn Plaintiff of the unsafe and hazardous conditions he was assigned to work with;

f. Defendant failed to protect Plaintiff from the unsafe conditions and the unsafe equipment Plaintiff was assigned to work with;

g. Defendant failed to comply with the requirements of the Federal Safety Appliance Act, 49 U.S.C. *§20301 ("FSAA") and the rules and regulations promulgated thereunder. Therefore, Defendant is strictly and absolutely liable to Plaintiff.*

h. Defendant failed to comply with the Federal Locomotive Inspection Act, 49 U.S.C. *§ 20701("FLIA") and the rules and regulations promulgated thereunder and is therefore strictly and absolutely liable to Plaintiff.*

i. Defendant failed to comply with and uphold their own policies and rules pertaining to the safety of their employees and the maintenance and safety of their equipment, workplace and tools;

j. Defendant failed to promulgate and/or enforce reasonable and safe practices and procedures in the workplace, so as to ensure Plaintiff would not be assigned to conduct his work duties in a manner that was not reasonably safe and/or with the reasonably safe tool(s) and equipment for the assigned work.

      k. Defendant failed to provide adequate numbers of properly trained employees for the completion of the tasks necessary to ensure Plaintiff was provided a reasonably safe place to work.

      l. Other acts and omissions constituting violations of the FELA, to be determined in the course of discovery.

13. As a result, in whole or in part, of the aforesaid negligence, Plaintiff sustained injury to his left shoulder, lower back, right knee and elbow, and right ring finger, which required extensive treatment. Plaintiff will also require a cervical spinal disk fusion surgery in the near future as a result of the injuries sustained on October 27, 2020.

14. On or about October 27, 2020, the Defendant's negligence and violation of the Federal Employers' Liability Act were a cause, in whole or in part, and therefore, was the proximate cause of the Plaintiff's damages for purposes of the Federal Employers' Liability Act.

15. As a result of the Defendant's negligence and violation of the Federal Employers' Liability Act as aforesaid, Plaintiff incurred injuries and damages including but not limited to past and future: loss of income, reduced earning capacity and loss of fringe benefits; physical and emotional pain and suffering; loss of household services; loss of, or reduced capacity for the enjoyment of life; medical, pharmaceutical, and rehabilitation costs; out of pocket expenses and all other consequential damages.

WHEREFORE, Plaintiff claims all damages and compensation to which he is entitled, in an amount in excess of FIFTY THOUSAND DOLLARS (50,000.00), plus interest, and costs, and all other damages which the Court deems just and proper.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>.**

Dated:  October 20, 2023	Respectfully submitted,

	<u>*/s/ Samuel J. Rosenthal*</u>
	Samuel J. Rosenthal (PA ID No. 50081)
	Barish Rosenthal
	1845 Walnut Street, Suite 2350
	Philadelphia, PA 19103
	(215) 923-8900
	srosenthal@barishrosenthal.com